# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTINA FREEMAN, et al,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **Civil Action No.:** |
| ] | **1:13-CV-1386-VEH** |
| **LOUDON COUNTY** ] | |
| **TRUCKING, et al,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on the defendant's motion to dismiss the plaintiff's claims for bad faith, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. (Doc. 3). The motion was filed on July 26, 2013. On August 8, 2013, the court entered its Uniform Initial Order, Appendix III of which requires that opposition briefs be filed "no later than fourteen (14) calendar days" after a motion is filed. (Doc. 5 at 23). No opposition to the instant motion was filed.

The motion is due to be **GRANTED**.

The complaint alleges that

On or about the 27th day of March 2013, upon a public road or highway, to-wit: at or between the intersections of Noble Street and 23d [sic] Street, Anniston, Alabama, Norman Dale Franklin negligently and/or wantonly operated the tractor trailer of his employer, Louden County

>Trucking, in such a fashion that the combined and concurring negligence and/or wantonness of said Defendants caused Plaintiffs to suffer significant physical and emotional injuries.

(Doc. 1-1 at 7). The complaint alleges, *inter alia*, the Alabama State law claim of "Bad Faith." (Doc. 1-1 at 3-4). The Alabama Supreme Court "has refused to extend this tort beyond the insurance contract context." *Williams v. Killough*, 474 So. 2d 680, 682 (Ala. 1985). Breach of an insurance contract is not an issue in this case. Accordingly, the motion to dismiss is **GRANTED**. The bad faith claims are **DISMISSED, with prejudice**.

**DONE** and **ORDERED** this 23rd day of August, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge